CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 13 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STEVE RAY MEEKS,<br>　　Plaintiff, | )<br>)　　Civil Action No. 7:06CV00602<br>) |
| v. | )　　**MEMORANDUM OPINION**<br>) |
| UNITED STATES PENITENTIARY -<br>LEE, et al.,<br>　　Defendants. | )　　By: Hon. Glen E. Conrad<br>)　　United States District Judge<br>) |

The plaintiff, Steve Ray Meeks, a federal inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Based on the nature of the plaintiff's allegations, the court construes the action as one arising under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[1] For the following reasons, the court concludes that the plaintiff has failed to state a claim against the named defendants. Therefore, the court will dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[2]

## Background

The plaintiff is presently incarcerated at United States Penitentiary (U.S.P.) - Lewisburg in Lewisburg, Pennsylvania. He was previously incarcerated at U.S.P. - Lee in Jonesville, Virginia, where the events giving rise to this action allegedly occurred.

On the morning of October 31, 2004, a correctional officer advised the plaintiff that he was going to be moved to a different cell, where he would be living with gang members. Although the plaintiff begged the officer not to move him, the officer told the plaintiff that he

---

[1] Section 1983 only provides a cause of action against state officials. See District of Columbia v. Carter, 409 U.S. 418, 424-425 (1973).

[2] This statute provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

would be okay. The plaintiff was then moved to the new cell while the gang members were in the recreation cage. The gang members allegedly told another correctional officer that they were going to "mess [the plaintiff] up" and "beat [him] within one inch of [his] life." Nonetheless, the plaintiff was left in the new cell. Several hours later, one of the gang members repeatedly hit the plaintiff with a sock filled with large batteries. The plaintiff suffered a broken jaw and other injuries as a result of the incident.

The plaintiff filed the instant complaint on October 6, 2006, alleging that U.S.P. - Lee and the Bureau of Prisons violated his constitutional rights. By order entered October 16, 2006, the plaintiff was directed to amend his complaint, within ten days, to name individuals as defendants and to allege facts concerning conduct undertaken by each defendant, personally, in violation of his constitutional rights. Although the plaintiff subsequently submitted other requested documents, he failed to name appropriate defendants. Thus, on November 8, 2006, the court entered another order directing the plaintiff to name individuals as defendants and to provide specific details explaining how each defendant violated his constitutional rights. Despite receiving two extensions of time in which to comply with the order, totaling more than five weeks, the plaintiff has failed to amend his complaint as directed and the time for him to do so has now expired.

## Discussion

Under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), an individual may bring a civil action against federal officers for damages stemming from a constitutional violation. The proper defendants in a Bivens actions are the federal officers in their individual capacities, Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996), not the

2

federal institutions or agencies that employ them. See FDIC v. Meyer, 510 U.S. 471, 486 (1994).

In this case, the plaintiff has not named any federal officers as defendants. Instead, the only named defendants are U.S.P. - Lee and the Bureau of Prisons. Because the prison and the Bureau of Prisons are not proper defendants in a Bivens action, the plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the court will dismiss the plaintiff's complaint, without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER:** This ___12th___ day of February, 2007.

_____
United States District Judge